UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

06 JAN 30 PM 4: 46

TEXAS-EASTERN

BY

---

ZENITH ELECTRONICS CORPORATION,

Plaintiff,

v.

THOMSON, INCORPORATED; THOMSON SA; PHILIPS ELECTRONICS NORTH AMERICA CORPORATION; KONINKLIJKE PHILIPS ELECTRONICS N.V.; TTE TECHNOLOGY, INCORPORATED; TTE CORPORATION; PIONEER ELECTRONICS (USA), INCORPORATED; AND PIONEER CORPORATION,

Defendants.

Case No.

**COMPLAINT FOR PATENT INFRINGEMENT & DECLARATORY JUDGMENT**

**DEMAND FOR JURY TRIAL**

506CV   17

---

Plaintiff Zenith Electronics Corporation ("Zenith") alleges as follows:

**THE PARTIES**

1.      Plaintiff Zenith is a Delaware corporation with its principal place of business at 2000 Millbrook Drive, Lincolnshire, Illinois 60069.

2.      On information and belief, Defendant Thomson, Incorporated is a Delaware corporation with its principal place of business at 10330 North Meridian Street, Indianapolis, Indiana 46290, and doing business in this jurisdiction and elsewhere in Texas and the United States.

3.      On information and belief, Defendant Thomson SA is a French corporation with a place of business at 46, quai Alphonse Le Gallo, 92100 Boulogne-Billancourt, France, and doing business in this jurisdiction and elsewhere in Texas and the United States.

- 1 -

**4.**     On information and belief, Defendant Philips Electronics North America Corporation (a.k.a. Philips Consumer Electronics North America) is a Delaware corporation with its principal place of business at 1251 Avenue of the Americas, New York, New York 10020, and doing business in this jurisdiction and elsewhere in Texas and the United States.

**5.**     On information and belief, Defendant Koninklijke Philips Electronics N.V. (a.k.a. "Royal Philips Electronics") is a Netherlands corporation with places of business at Breitner Center, Amstelplein 2, 1096 BC Amsterdam, The Netherlands, and Groenewoudseweg 1, 5621 BA, Eindhoven, the Netherlands.  Koninklijke Philips Electronics N.V. does business in this jurisdiction and elsewhere in Texas and the United States.

**6.**     On information and belief, Defendant TTE Technology, Incorporated is a Delaware corporation with principal places of business at 10330 North Meridian Street, Indianapolis, Indiana 46290, and 101 West 103rd Street, Indianapolis, Indiana 46290.  TTE Technology, Incorporated does business in this jurisdiction and elsewhere in Texas and the United States.

**7.**     On information and belief, Defendant TTE Corporation is a Chinese corporation with places of business at 18th Floor, Block B, TCL Tower, Gao Xin Nan Yi Road, Nanshan District, Shenzhen, Guangdong, 518057, China, and 13F TCL Tower, 8 Tai Chung Road, Tseun Wan, New Territories, Hong Kong.  TTE Corporation's North American Business Center is located at 101 West 103rd Street, Indianapolis, Indiana, 46290.  TTE Corporation does business in this jurisdiction and elsewhere in Texas and the United States.

**8.**     On information and belief, Defendant Pioneer Electronics (USA), Incorporated, is a Delaware corporation with its principal place of business at 2265 E. 220th Street, Long Beach, California 90810, and doing business in this jurisdiction and elsewhere in Texas and the United

States.

9.      On information and belief, Defendant Pioneer Corporation is a Japanese corporation with a place of business at 4-1, Meguro 1-chome, Meguro-ku, Tokyo, 153-8654, Japan, and doing business in this jurisdiction and elsewhere in Texas and the United States.

### JURISDICTION

10.      This Court has subject matter jurisdiction over the First, Second, Third, and Fourth Causes of Action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those actions arise under the patent laws of the United States (Title 35 of the United States Code).  This Court has supplemental jurisdiction over the Fifth Cause of Action pursuant to 28 U.S.C. § 1367(a) because it is so related to the other claims in the action that the they form part of the same case or controversy.

11.      On information and belief, Defendants Thomson, Incorporated and Thomson SA ("Thomson");  Philips Electronics North America Corporation and Koninklijke Philips Electronics N.V. ("Philips"); TTE Technology, Incorporated and TTE Corporation ("TTE"); and Pioneer Electronics (USA), Incorporated and Pioneer Corporation ("Pioneer") (collectively, "Defendants") do business in this District and have committed the acts of infringement complained of herein this District and elsewhere.  Personal jurisdiction over Defendants is proper in this Court because their contacts with this District are sufficient to render Defendants amenable to personal jurisdiction in this District.

### VENUE

12.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(b)(c) and 1400(b).

719629 v1/PA

## THE ZENITH PATENTS

13.     United States Patent No. 5,416,524 ("the '524 patent"), entitled "Digital Television Synchronization System and Method," was issued on May 16, 1995, based on an application filed on June 5, 1992. Zenith is the sole owner of the entire right, title, and interest in the '524 patent. A copy of the '524 patent is attached as Exhibit A.

14.     United States Patent No. 5,598,220 ("the '220 patent"), entitled "Digital Signal with Multilevel Symbols and Sync Recognition," was issued on January 28, 1997, based on an application filed on March 2, 1994. Zenith is the sole owner of the entire right, title, and interest in the '220 patent. A copy of the '220 patent is attached as Exhibit B.

15.     United States Patent No. 5,619,269 ("the '269 patent"), entitled "Frame Sync Signal for Digital Transmission System," was issued on April 8, 1997, based on an application filed on June 7, 1995. Zenith is the sole owner of the entire right, title, and interest in the '269 patent. A copy of the '269 patent is attached as Exhibit C.

16.     United States Patent No. 5,629,958 ("the '958 patent"), entitled "Data Frame Structure and Synchronization System for Digital Television Signal," was issued on May 13, 1997, based on an application filed on July 8, 1994. Zenith is the sole owner of the entire right, title, and interest in the '958 patent. A copy of the '958 patent is attached as Exhibit D.

17.     United States Patent No. 5,636,251 ("the '251 patent"), entitled "Receiver for a Trellis Coded Digital Television Signal," was issued on June 3, 1997, based on an application filed on January 29, 1996. Zenith is the sole owner of the entire right, title, and interest in the '251 patent. A copy of the '251 patent is attached as Exhibit E.

18.     United States Patent No. 5,677,911 ("the '911 patent"), entitled "Data Frame Format for a Digital Signal Having Multiple Data Constellations," was issued on October 14,

719629 v1/PA

1997, based on an application filed on April 6, 1995. Zenith is the sole owner of the entire right, title, and interest in the '911 patent. A copy of the '911 patent is attached as Exhibit F.

19.     United States Patent No. 5,802,107 ("the '107 patent"), entitled "Symbol Rotator," was issued on September 1, 1998, based on an application filed on September 13, 1996. Zenith is the sole owner of the entire right, title, and interest in the '107 patent. A copy of the '107 patent is attached as Exhibit G.

20.     United States Patent No. Re. 36,992 ("the '992 Reissue"), entitled "VSB HDTV Transmission System with Reduced NTSC Co-Channel Interference," was issued on December 19, 2000, based on a reissue application filed on February 9, 1994. Zenith is the sole owner of the entire right, title, and interest in the '992 Reissue. A copy of the '992 Reissue is attached as Exhibit H.

21.     United States Patent No. 5,534,938 ("the '938 patent"), entitled "Digital TV System Using Segment and Field Sync Signals," was issued on July 9, 1996, based on an application filed on October 17, 1994. Zenith is the sole owner of the entire right, title, and interest in the '938 patent. A copy of the '938 patent is attached as Exhibit I.

22.     United States Patent No. 5,602,595 ("the '595 patent"), entitled "ATV/MPEG Sync System," was issued on February 11, 1997, based on an application filed on June 7, 1995. Zenith is the sole owner of the entire right, title, and interest in the '595 patent. A copy of the '595 patent is attached as Exhibit J.

23.     United States Patent No. 5,987,070 ("the '070 patent"), entitled "VSB Mode Selection System," was issued on November 16, 1999, based on an application filed on November 17, 1997. Zenith is the sole owner of the entire right, title, and interest in the '070 patent. A copy of the '070 patent is attached as Exhibit K.

719629 v1/PA

**24.**     United States Patent No. 5,111,287 ("the '287 patent"), entitled "TV Signal Transmission Systems and Methods," was issued on May 5, 1992, based on an application filed on March 22, 1991.  Zenith is the sole owner of the entire right, title, and interest in the '287 patent.  A copy of the '287 patent is attached as Exhibit L.

**25.**     United States Patent No. 5,086,340 ("the '340 patent"), entitled "Co-Channel Interference Reduction System For Digital High Definition Television," was issued on February 4, 1992, based on an application filed on October 19, 1990.  Zenith is the sole owner of the entire right, title, and interest in the '340 patent.  A copy of the '340 patent is attached as Exhibit M.

### THE DIGITAL TELEVISION STANDARD

**26.**     In early 1987, the Federal Communications Commission ("FCC") initiated a rule making proceeding to consider the technical and public policy issues surrounding the use of advanced television technologies by television broadcast licensees.  Later that year, and in order to assist the FCC in gathering and processing necessary information on advanced television technologies, the FCC established the Advisory Committee on Advanced Television Service ("the Advisory Committee").

**27.**     The Advisory Committee was given the broad mandate to advise the FCC on the facts and circumstances regarding advanced television systems for the FCC's consideration of the technical and public policy issues.

**28.**     The Advisory Committee defined what could be considered "advanced television," including high definition television, and accepted proposals from the public on how to implement such a system.  After receiving proposals on 23 different systems, the Advisory Committee narrowed the proposals to six and began testing.  The testing resulted in four all-digital candidate systems.

29.     As the Advisory Committee considered additional rounds of testing for evolutionary technology improvements to the four systems, the system proponents formed a coalition called the "Digital HDTV Grand Alliance," which would combine the best of each proposed system.  On May 24, 1993, the Grand Alliance was formed by AT&T, GI, MIT, Philips, Sarnoff, Thomson, and Zenith.

30.     Most of the major subsystems of the Grand Alliance system were determined by competitive testing within the Grand Alliance, and overseen by members of the Advisory Committee.  Zenith's VSB transmission subsystem was selected by the Grand Alliance as the preferred transmission subsystem.

31.     As a result of its oversight authority, the Advisory Committee modified some of the subsystem selections made by the Grand Alliance.  There were no modifications to the Grand Alliance-endorsed VSB transmission subsystem.

32.     A key organization affiliated with the Advisory Committee was the Advanced Television Test Center ("ATTC") located in Alexandria, VA.   Under the auspices of the Advisory Committee, the ATTC conducted extensive testing of the complete Grand Alliance DTV system (as modified by the Advisory Committee), including the Zenith-developed VSB transmission subsystem.  The ATTC found that the Grand Alliance system met or exceeded the requirements of the Advisory Committee.

33.     In addition to the Grand Alliance, other organizations not directly part of the Advisory Committee were important to its mission and success.  One organization that made numerous contributions to the Advisory Committee was the Advanced Television Systems Committee ("ATSC"), a standards body formed in 1983.  The ATSC compiled the detailed specifications for the digital television broadcast standard based on the system developed by the

Grand Alliance.  The ATSC prepared a document entitled the ATSC Digital Television Standard A/53 ("ATSC Standard"), which included the specifications from the Grand Alliance's system.

34.    The ATSC Standard was adopted by the ATSC on September 16, 1995.  On November 28, 1995, the FCC Advisory Committee issued its Final Report, concluding that the ATSC Standard should be adopted as the standard for digital terrestrial television broadcasts in the United States.

35.    On December 24, 1996, the FCC adopted the major elements of the ATSC Standard, mandating its use for digital terrestrial television broadcasts in the United States.

36.    The Zenith Patents are related to the ATSC Standard.  Zenith has complied with the ATSC's patent policy by disclosing its intention to protect its inventions and offering its inventions at reasonable and non-discriminatory ("RAND") rates.  Zenith has contacted and attempted to negotiate a reasonable and non-discriminatory license with the Defendants, but the Defendants have refused to take a license.

### DEFENDANTS' PRODUCTS AT ISSUE

37.    On information and belief, Defendants manufacture, market, and/or import high definition televisions and/or set-top-boxes including but not limited to projection televisions, CRT televisions, LCD televisions, and/or plasma televisions ("HDTV Products").

38.    On information and belief, Defendants import, use, sell and/or offer to sell products in the United States (including selling and offering to sell products in this District) that are capable of receiving signals broadcast in compliance with the ATSC Standard.

719629 v1/PA

## FIRST CAUSE OF ACTION

### (INFRINGEMENT OF THE '524, '220, '269, '958, '251, '911, '107, AND '992 REISSUE PATENTS AGAINST DEFENDANT THOMSON)

39.     Zenith incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth in full herein.

40.     On information and belief, Thomson has directly, contributorily infringed, and/or has induced others to infringe, the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents by importing, using, offering to sell, and/or selling within the United States various HDTV Products.

41.     On information and belief, Thomson continues to infringe, contributorily infringe, and/or induces others to infringe the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents.

42.     Thomson's infringement has been willful.

43.     Zenith has been and will continue to be damaged and irreparably harmed by Thomson's infringement, which will continue unless Thomson is enjoined by this Court.

## SECOND CAUSE OF ACTION

### (INFRINGEMENT OF THE '524, '220, '269, '958, '251, '911, '107, AND '992 REISSUE PATENTS AGAINST DEFENDANT PHILIPS)

44.     Zenith incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth in full herein.

45.     On information and belief, Defendant Philips has directly, contributorily infringed, and/or has induced others to infringe, the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents by importing, using, offering to sell, and/or selling within the United States

various HDTV Products.

46.     On information and belief, Philips continues to infringe, contributorily infringe, and/or induces others to infringe the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents.

47.     Philips' infringement has been willful.

48.     Zenith has been and will continue to be damaged and irreparably harmed by Philips' infringement, which will continue unless Philips is enjoined by this Court.

### THIRD CAUSE OF ACTION

### (INFRINGEMENT OF THE '524, '220, '269, '958, '251, '911, '107, AND '992 REISSUE PATENTS AGAINST DEFENDANT TTE)

49.     Zenith incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth in full herein.

50.     On information and belief, TTE has directly, contributorily infringed, and/or has induced others to infringe, the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents by importing, using, offering to sell, and/or selling within the United States various HDTV Products.

51.     On information and belief, TTE continues to infringe, contributorily infringe, and/or induces others to infringe the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents.

52.     TTE's infringement has been willful.

53.     Zenith has been and will continue to be damaged and irreparably harmed by TTE's infringement, which will continue unless TTE is enjoined by this Court.

### FOURTH CAUSE OF ACTION

### (INFRINGEMENT OF THE '524, '220, '269, '958, '251, '911, '107, AND '992 REISSUE

### PATENTS AGAINST DEFENDANT PIONEER)

54.     Zenith incorporates by reference the allegations set forth in paragraphs 1 through 38 of this Complaint as though set forth in full herein.

55.     On information and belief, Pioneer has directly, contributorily infringed, and/or has induced others to infringe, the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents by importing, using, offering to sell, and/or selling within the United States various HDTV Products.

56.     On information and belief, Pioneer continues to infringe, contributorily infringe, and/or induces others to infringe the '524, '220, '269, '958, '251, '911, '107, and '992 Reissue patents.

57.     Pioneer's infringement has been willful.

58.     Zenith has been and will continue to be damaged and irreparably harmed by Pioneer's infringement, which will continue unless Pioneer is enjoined by this Court.

### FIFTH CAUSE OF ACTION

### (DECLARATORY JUDGMENT OF SATISFACTION OF REASONABLE AND

### NONDISCRIMINATORY LICENSING OBLIGATIONS FOR THE '524, '220, '269, '958, '251, '911,

### '107, '992 REISSUE, '938, '595, '340, '070, AND '287 PATENTS AGAINST ALL DEFENDANTS)

59.     Zenith incorporates by reference the allegations set forth in paragraphs 1 through 58 of this Complaint as though set forth in full herein.

60.     The terms of Zenith's offer to license the Zenith Patents comply with Zenith's obligation to offer a license on RAND terms.  By its offer to license, Zenith has fully complied

with, and discharged, its obligation to offer a license on RAND terms.

### PRAYER FOR RELIEF

Zenith prays for the following relief:

1.      A judgment that the Defendants infringe the asserted Zenith Patents.

2.      A permanent injunction enjoining Defendants from infringing, inducing the infringement, or contributorily infringing asserted Zenith Patents.

3.      An award of damages according to proof at trial together with interest, and a judgment that the damages so adjudged be trebled pursuant to 35 U.S.C. § 284.

4.      A judgment that this is an exceptional case and that Zenith be awarded its attorneys' fees, costs, and expenses incurred in this action pursuant to 35 U.S.C. § 285.

5.      A judgment declaring that Zenith has discharged its obligation to license the Zenith Patents on reasonable and nondiscriminatory terms.

6.      Such other relief as the Court deems just and appropriate.

### JURY TRIAL

Zenith respectfully requests a jury trial on all issues triable thereby.

<div style="margin-left:40%">

Damon Young (State Bar No. 22176700)
dyoung@youngpickettlaw.com
John Pickett (State Bar No. 15980320)
jpickett@youngpickettlaw.com
Lance Lee (State Bar No. 24004762)
llee@youngpickettlaw.com
YOUNG, PICKETT & LEE
4122 Texas Boulevard
P. O. Box 1897*
Texarkana, Texas 75503  (*75504)
Telephone:  (903) 794-1303
Fax: (903) 792-5098

By: _____
       Damon Young

</div>

Of Counsel:
Stephen C. Neal
nealsc@cooley.com
Thomaas J. Friel, Jr.
tfriel@cooley.com
Ricardo Rodriguez
rr@cooley.com
COOLEY GODWARD LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA  94306-2155
Telephone:  (650) 843-5046
Fax:  (650) 857-0663

ATTORNEYS FOR PLAINTIFF
ZENITH ELECTRONICS CORPORATION

719629 v1/PA